LGOTHARD, Judge.
Defendant, Allstate Insurance Company, appeals from a judgment of the trial court in favor of plaintiff, Jean Marie Pollet. For the following reasons, we affirm the decision of the trial court.
Plaintiff, Jean Marie Pollet, filed this suit for damages as a result of an automobile accident. Named as defendants were the owner and the driver of the vehicle that struck Ms. Pollet’s vehicle, their insurer, Louisiana Farm Bureau Casualty Insurance Company, and Allstate Insurance Company, Ms. Pollet’s uninsured automobile liability insurer. In its answer, Allstate requested a trial by jury.
Prior to trial Ms. Pollet settled with the owner and driver of the vehicle, and Farm Bureau, their insurer, for the policy limits of $25,000.00. Ms. Pollet then filed a pleading entitled “Motion and Stipulation to Continue Trial Date and|sto ReSet for Non-Jury Trial.” In that plaintiff stated that “ ... the amount in controversy between plaintiff and defendant, ALLSTATE INSURANCE COMPANY, does not exceed the jurisdictional amount required for trial by jury [$50,000.00].” The motion further asserts that “Counsel for defendant has been informed of plaintiffs intention to file this motion and stipulation and has expressed no objection thereto.”
At the start of the (non-jury) trial on the merits, Allstate argued to the court that, as a result plaintiffs stipulation, its exposure was limited to $25,000.00. This figure represented the $50,000.00 jurisdictional limit for trial by jury set forth in La. C.C.P. art. 1732,[1] less the $25,000.00 received by plaintiff from Farm Bureau. Plaintiff argued that the stipulation clearly reflects her intent to limit the recovery against Allstate to $50,000.00. Allstate did not object to proceeding without a jury at that time.
At the close of trial, judgment was rendered in favor of Ms. Pollet and against Allstate, in the amount of $50,000.00. In its reasons for judgment the trial court found that plaintiff sustained general damages of $75,000.00 and special damages of $7,687.55, but that the award had to be limited because of the stipulation.
|4In its first assignment of error, Allstate alleges that the trial court erred in its interpretation of Ms. Pollet’s “Motion and Stipulation,” and in failing to limit plaintiffs recovery to $25,000.00. Allstate contends that the language of the motion reflects plaintiffs intent to stipulate that the value of her entire claim for damages did not exceed $50,000.00. Plaintiff counters that she .stipulated that the value of her claim against Allstate only, the one remaining party at the time the stipulation was made, was limited to $50,000.00. We agree with the assertions made by plaintiff.
The language in the stipulation clearly states that plaintiffs claim against Allstate did not exceed the jurisdictional amount of $50,000.00. In addition, prior to trial in this matter, plaintiffs counsel stated in open court that the stipulation was “very specific that the amount between Mr. (sic) Pollet and her insurer does not exceed fifty thousand dollars.” We find that the trial court did not err in failing to limit plaintiffs recovery against Allstate to $25,-000.00.[2]
We do not reach the issue of whether La. C.C.P. art. 1732 limits plaintiffs recovery because the trial court struck defendant’s request for a jury. All *927 state correctly contends that “Procedural maneuvers designed solely to deprive litigants of their right to a jury trial based on jurisdictional amounts are disfavored.” Bullock v. Graham, 96-0711 (La. 11/1/96), 681 So.2d 1248, 1260. However, defendant failed to object at the time the trial court ordered the jury stricken, almost two months before the trial in this matter. Defendant further did not object to proceeding with the judge trial; his sole objection centered on the ^interpretation of the stipulation. Accordingly, defendant has failed to preserve his right to trial by jury under La. C.C.P. art. 1732 in this appeal. See, Van Meter Drilling Co. v. Kubelka, 544 So.2d 547 (La.App. 5 Cir. 1989).
In its second assignment of error, Allstate contends that the trial court’s finding of general damages was excessive.
In a review of an award of damages, the initial inquiry by this Court, pri- or to reviewing any other damage awards for purposes of a scale of reference, is whether the award for the particular injuries and their effects under the particular circumstances of the particular injured person is a clear abuse of the vast discretion of the trier of fact. Youn v. Maritime Overseas Corporation, 623 So.2d 1257 (La.1993); Hopstetter v. Nichols, 98-185 (La. App. 5 Cir. 7/28/98), 716 So.2d 458; Gordon v. Levet, 96-600 (La.App. 5 Cir. 1/15/97), 688 So.2d 57.
Ms. Pollet testified that, on October 10, 1996, she was involved in a car accident. The driver of the other car ran a stop sign and hit her vehicle on the side. The force of the impact caused her car to spin around. The insurance company rated her car a total loss as a result of the accident. Ms. Pollet was sixty-two at the time of the accident. Prior to the accident, she was overweight and suffered from hypertension and diabetes. She had had three discs surgically removed twenty-five years prior to the accident, but had recovered with no complications and had no difficulty until the automobile accident.
Ms. Pollet testified that immediately after the accident, she felt pain in her neck and lower back, and shooting down her right leg. Later that evening, she went to the emergency room, where an X-ray was taken. Conservative treatment was prescribed.
|fiOne month later, because her back was still hurting, she began treatment with Dr. Kenneth Addatto, an orthopedic neurosurgeon. He has continued to treat her up to and during the time of trial.
Dr. Addatto testified via deposition that he first treated Ms. Pollet on November 11, 1996. He initially diagnosed muscle spasms in the lumber spine with loss of range of motion. He recommended conservative treatment, medication, a back brace, and exercise. He subsequently ordered that an MRI and CT scan be conducted.
Initially, he saw Ms. Pollet once a month and at the time of trial he saw her on an as needed basis, approximately once every two months. He continued to treat Ms. Pollet conservatively, with non-narcotic pain medication, and injections of steroids and anesthetics as needed.
Dr. Addatto diagnosed a recurrent disc at the site of the prior surgery, which he opined was caused by the automobile accident of October 10, 1996. Muscle spasm was still present two years post accident (at the time of trial). Ms. Pollet would continue to suffer from pain; however, as long as she could tolerate the pain, she would not need surgery.
Dr. Robert Mímeles, an orthopedic surgeon, examined Ms. Pollet on one occasion at the request of the tortfeasor’s insurer. He testified that Ms. Pollet possibly suffered from a recurrent disc, but that he could not tell for sure. He had no opinion on whether her back condition was caused by the automobile accident. He found that she did suffer from intermittent pain, and *928 that he believed that she was not a candidate for future surgery.
Ms. Pollet testified that she continued with her employment as a secretary at a local school after the accident. She stated that since the accident she was in |7continuous pain, sometimes more severe than other times. She can no longer pick up her grandchildren or file boxes which she used to move as part of her job. Before the accident she would ride her bicycle for five miles each day; however, she was no longer able to do so because she feared further injury. Initially after the accident she saw the doctor once a month, and at the time of trial she was treated every two to three months. She testified that she was frightened of the shots she received and that they hurt, but they helped the pain. She admitted that she did not miss any time at work, but testified that she worked despite the pain because she did not like to miss work. She also testified that because the pain made working difficult, she was thinking of retiring. Finally, she testified that she had no back difficulties after her surgery twenty five years before until after the accident in October of 1996.
The trial court found that Ms. Pollet was entitled to general damages of $75,000.00. According to the evidence, Ms. Pollet suffered injury to her lower back, which would cause her pain for the rest of her life, and that the injury was a result of the automobile accident of October 10, 1996. We note that the trial court did not award future medical expenses, although it is apparent from the testimony that Ms. Pollet will require conservative treatment as long as she suffers back pain, probably the rest of her life, and we believe that this element of damages is contained within the award of general damages. Under these circumstances, we cannot say that the trial court abused its vast discretion in this matter.
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against appellant, Allstate Insurance Company.
AFFIRMED.

. La. C.C.P. art. 1732 provides in part that:
A trial by jury shall not be available in:
(1) A suit where the amount of no individual petitioner’s cause of action exceeds fifty thousand dollars exclusive of interest and costs.

. We distinguish the case of Triche v. Allstate Ins. Co., 96 0575 (La.App. 1 Cir. 12/20/96) 686 So.2d 127. In that case, the parties stipulated to the value of damages “in this matter.” On appeal, the court found that "in this matter” included both claims against the tort-feasor’s insurer and the plaintiff's uninsured motorist liability insurer.