WELCH, J.
| ^Defendant, Plantation Management Company, L.L.C. d/b/a Heritage Healthcare Center-Hammond (Heritage), appeals a judgment rendered in favor of plaintiffs, Louise Conley, et al. Finding the appeal was not timely filed, we dismiss the appeal.
FACTUAL AND PROCEDURAL BACKGROUND
On July 30, 2004, Louise Conley, individually and on behalf of her deceased husband, James Conley, and their five children, all of the age of majority, filed this medical malpractice and wrongful death suit against Heritage, a nursing home where Mr. Conley was a resident, and Dr. Michael Kozel, Mr. Conley’s treating physician at Heritage. Plaintiffs alleged that Mr. Conley died as a result of sepsis caused by his infected feet and that defendants breached the standard of care by failing to diagnose and adequately treat Mr. Conley’s medical condition and by failing to adequately monitor Mr. Conley. Dr. Kozel filed a motion for summary judgment, which was granted by the trial *544 court, and on November 21, 2008, the trial court signed a judgment dismissing plaintiffs’ claims against Dr. Kozel and his insurer, Louisiana Medical Mutual Insurance Company, with prejudice at plaintiffs’ costs.
On June 22, 2011, the matter proceeded to trial, and at its conclusion, the trial court took the matter under advisement. A document entitled “Judgment” was signed by the trial court on August 1, 2011, and reads as follows in pertinent part:
LOUISE CONLEY, ET AL VERSUS # 2004-002624 HERITAGE HEALTHCARE CENTER, ET AL
21st JUDICIAL DISTRICT COURT PARISH OF TANGIPAHOA STATE OF LOUISIANA
JUDGMENT
This matter came to be heard on the 22nd day of June, 2011. Present in court were:
Richard Gallagher Jr., |3Charles Schutte, Jr., attorney of record for the plaintiff, Louise Conley; attorney of record for the defendants, Plantation Management Company d/b/a Heritage Healthcare Center-Hammond, and
Valerie Judice, attorney of record for the defendants, Plantation Management Company d/b/a Heritage Healthcare Center-Hammond
After hearing the testimony presented at tidal and reading the depositions of other witnesses submitted in lieu of live testimony, considering the law and evidence submitted, the Court finds that there was a breach in the standard of care owed to Mr. Conley, the Court finds in favor of the plaintiffs and awards damages of $35,000.00 plus judicial interest from the date of demand. Defendant is cast for all costs, with the exception of the costs associated with the Motion for Involuntary Dismissal of the Wrongful Death Action.
The Court bases it’s ruling on the following....
The judgment then sets forth two-and-a-half pages of reasons for judgment, which includes the factual background of the case, a summary of the trial and deposition testimony, and a factual conclusion that the actions of Jean Zane, a nurse manager employed by Heritage, fell below the standard of care owed to Mr. Conley.
On August 3, 2011, the Clerk of Court mailed a notice to counsel of record that “Judgment was Rendered on the 1st DAY OF AUGUST 2011, Read and Signed on the 1st DAY OF AUGUST 2011.” A copy of the judgment was attached to the notice. Heritage did not file an appeal from this judgment within the appeal delays for taking a suspensive appeal set forth in La. C.C.P. art. 2123 or for taking a devolutive appeal set forth in La. C.C.P. art.2087. Instead, on January 20, 2012, Heritage filed a “Motion to Enter Judgment” in the trial court in which it asserted that a final judgment had never been entered in the case. Heritage acknowledged that notice of the judgment had been mailed on August 3, 2011, but claimed that the August 1, 2011 ruling of the trial court did not qualify as a final judgment because it did not comport with La. C.C.P. art,1918’s requirement that written reasons be set forth in a separate document from the judgment and because the court did not issue a separate ruling ordering the defen *545 dant to pay damages. Plaintiffs opposed the motion, insisting that the August 1, 2011 document entitled “Judgment” was a valid final judgment pursuant to La. C.C.P. art.1918. At the ] conclusion of the hearing held on the motion on April 16, 2012, the trial court ruled that the August 1, 2011 ruling constituted a “judgment.”
Heritage then filed a notice of intent to apply for a supervisory writ, and the trial court initially ordered Heritage to file its application with this Court on or before May 17, 2012. Upon Heritage’s May 22, 2012 motion seeking to clarify the order relating to its writ or for an extension of time, the trial court ordered that the writ application be filed with this Court by May 22, 2012. The request for an extension of time in which to file the writ application was not filed within the time set in the district court’s original return date order, and on that basis, this Court did not consider Heritage’s application that was filed on May 21, 2012. Conley v. Plantation Management Company, LLC, 2012-0879 (La.App. 1st Cir.9/10/12) (unpublished). This Court’s action stated the following, in pertinent part:
Further, without a copy of the transcript or the minutes of the April 16, 2012 hearing on relator’s Motion to Enter Judgment, it is impossible for this Court to determine whether the court ordered, or a party requested, that the ruling be reduced to writing. See La. C.C.P. art. 1914. Accordingly, this Court is unable to determine if the application was timely filed.
In the event relator seeks to file a new application with this Court, it must contain all pertinent documentation, including documentation showing that the original application was timely filed, and must comply with Uniform Rules of Louisiana Courts of Appeal, Rule 2-12.2. Any new application must be filed on or before September 26, 2012, and must contain a copy of this ruling.
Heritage did not file another writ application.
On May 24, 2012, the trial court signed a judgment denying Heritage’s motion to enter judgment on the basis that a judgment had previously been entered in this matter. On June 14, 2012, Heritage filed a petition for a suspensive appeal in the trial court seeking to appeal the judgment signed on August 1, 2011, awarding damages in favor of plaintiffs, and the judgment signed on May 24, 2012, denying the motion to enter a judgment. The trial court’s order of appeal granted an appeal from the judgment signed on May 24, 2012, but not from the | fiAugust 1, 2011 judgment, finding the petition for an appeal of that judgment to be untimely.[2]
In this appeal, Heritage assigned as error the trial court’s failure to enter a final judgment and the trial court’s denial of its motion for the entry of a final judgment. Heritage argued that no final judgment on the merits had been entered in this case from which an appeal could be taken to this court and asked this court to remand the case to the trial court with instructions to enter a final judgment. Heritage did not brief the merits of the trial court’s ruling, asserting that this court lacked subject matter jurisdiction at this time to review the trial court’s ruling on the merits. Heritage asserted alternatively that if this court concluded that jurisdiction to review the merits of the case existed, it would supplement the record to include the trial transcript, and this court should permit Heritage to then file a brief to *546 assign errors made by the trial court in its ruling on the merits of the case.[3]
After the lodging of the record, this Court issued a rule to show cause order which stated that Heritage’s petition for suspensive appeal appeared to be untimely based on the following facts: 1) the trial court signed a judgment on August 1, 2011; 2) the notice of this judgment was issued on August 8, 2011; and 3) Heritage filed a petition for suspensive appeal on June 14, 2012. On January 28, 2013, another panel of this court referred the rule to show cause as to whether this appeal should be dismissed as untimely to the panel to which the appeal was assigned. Conley v. Plantation Management Company, LLC, 2012-1510 (La.App. 1st Cir.1/28/13) (unpublished).
| ^DISCUSSION
It is undisputed that the August 1, 2011 judgment signed by the trial court was not appealed within the delay periods set forth in the Code of Civil Procedure. Whether this court has jurisdiction to entertain an appeal of that judgment depends on whether the August 1, 2011 judgment is a final, appealable judgment. Heritage contends that the trial court’s August 1, 2011 action is merely a “ruling” that does not fulfill the requirements for a final judgment. It contends that the judgment lacks decretal language because it does not order the defendants to pay any amount of damages to the plaintiffs and it does not contain language indicating that the court, by signing the ruling, was signing a final judgment. Heritage insists that the language of the August 1, 2011 ruling was not sufficient to place it on notice that it was a final judgment. Additionally, Heritage contends that the August 1, 2011 ruling is not a final judgment because it failed to comply with La. C.C.P. art.l918’s mandate that “when written reasons for the judgment are assigned, they shall be set out in an opinion separate from the judgment.” Heritage contends that since a final judgment was not entered in the case, the appeal delays did not commence upon the signing of the August 1, 2011 ruling and the issuance of the notice of judgment. Rather, it submits, the earliest date that the appeal delays could have begun to run was May 24, 2012, when the court entered judgment denying the motion to enter judgment and declaring the August 1, 2011 ruling to be a final judgment. Therefore, it claims, its petition for suspensive appeal, filed on June 14, 2012, was timely.
In response, plaintiffs contend that Heritage’s appeal is untimely and is barred by the doctrine of res judicata. They maintain that the August 1, 2011 judgment is a final judgment because: (1) it was identified by appropriate language as a “JUDGMENT” by its captioned designation; (2) it included appropriate decretal language due to its “finding] in favor of plaintiff’ and it awarded ^damages and interest to plaintiff; 3) the dollar amount awarded was specific in that the judgment awarded “$35,000.00 plus judicial interest from the date of the demand”; and 4) it was signed and dated.

Decretal Language

Louisiana Code of Civil Procedure article 1918 states that “A final judgment shall be identified as such by appropriate language.” It is well settled that a final judgment must be precise, definite, and certain. Vanderbrook v. Coachmen Industries, Inc., 2001-0809 (La.App. 1st Cir.5/10/02), 818 So.2d 906, 913. A final *547 judgment must contain decretal language. Carter v. Williamson Eye Center, 2001-2016 (La.App. 1st Cir.11/27/02), 887 So.2d 43, 44. Generally, it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Id. The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment. Vanderbrook, 2001-0809 at pp. 11-12, 818 So.2d at 913. The failure to name the defendant or defendants against whom the judgment is rendered in a case with multiple defendants makes the judgment fatally defective because one cannot discern from its face against whom it may be enforced. Jenkins v. Recovery Technology Investors, 2002-1788 (La.App. 1st Cir.6/27/03), 858 So.2d 598, 600. However, this court has found a judgment to be valid where, although it did not refer to the plaintiff by name, there was only one plaintiff involved in the case and the plaintiffs name was discernible from the caption of the judgment. Hammonds v. Reliance Ins. Co., 2006-0540 (La.App. 1st Cir.12/28/06), 2006 WL 3813719. Because only judgments are made executory in Louisiana courts, La. C.C.P. art. 2781 et seq., to be legally enforceable as a valid judgment, a third person should be able to determine from the judgment the party cast and the amount owed | ^without reference to other documents in the record. See Vanderbrook, 818 So.2d at 913-14.
We find that the August 1, 2011 judgment contains sufficient decretal language to constitute a final judgment in that it determines the rights of the parties and awards plaintiffs a precise dollar amount, i.e., $35,000.00 plus judicial interest from the date of demand. The plaintiffs are all identified in the written reasons. Although the decretal language does not expressly name Heritage as the defendant cast in judgment, Heritage was the only remaining defendant in the litigation, and Heritage was identified as the defendant in the caption of the judgment and in the listing of counsel of record present in court at the beginning of the judgment. Thus, a third person could determine from reading the judgment that Heritage is the party cast in judgment and the amount owed by Heritage without reference to other documents in the record.

Form Requirement

The three-page document signed on August 1, 2011, contains the trial court’s written reasons for judgment. While it is true that La. C.C.P. art 1918 states that “[w]hen written reasons for the judgment are assigned, they shall, be set out in an opinion separate from the judgment,” it is well settled that this portion of the article is merely precatory and does not render a judgment, identified as such and complete in every respect, invalid simply because it includes written reasons in the body of the document. Hinchman v. International Brotherhood of Electrical Workers, Local Union No. 130, 292 So.2d 717, 720 (La.1974)(holding that a document entitled “judgment” which also contained decretal language was not invalid merely because the trial judge included written reasons in the body of the document, noting that the document was labeled a judgment, included a decree, and determined the rights of the parties and awarded the relief to which they were entitled); ASP Enterprises, Inc. v. Guillory, 2008-2235 (La.App.fl 1st Cir.9/11/09) 22 So.3d 964, 968 n. 1, writ denied, 2009-2464 (La.1/29/10), 25 So.3d 834; Hammonds, 2006-0540 at p. 1 (wherein this court determined that the judgment, which contained reasons for judgment, also contained the necessary essentials to determine the rights of the parties and the relief awarded and thus it *548 was not necessary to remand for entry of a new judgment); Country Club of Louisiana Property Owners Ass’n, Inc. v. Domier, 96-0898 (La.App. 1st Cir.2/14/97), 691 So.2d 142, 149 (wherein although the judgment included enumerated findings of fact, this court found no need to remand for entry of a new judgment).
The August 1, 2011 judgment is entitled “JUDGMENT” and a notice of that judgment was mailed to counsel of record. We have already concluded that the August 1, 2011 judgment contains sufficient decretal language; therefore, we conclude that the inclusion of reasons in the judgment did not render it fatally defective. Accordingly, we hold that the August 1, 2011 judgment, which was captioned as such, mailed to the parties and identified as the judgment of the court, and which identifies the parties, finds in favor of the plaintiffs, awards damages in the amount of $35,000.00, casts the defendants for costs, and is signed and dated by the trial court, is a final, appealable judgment. Consequently, the appeal delays began to run when Heritage received notice of the judgment on August 3, 2011. The judgment became final and definitive when the appeal delays lapsed on October 11, 2011, and this court has no jurisdiction to modify, revise, or reverse that judgment. See Batson v. South Louisiana Medical Center, 2006-1998 (La.App. 1st Cir.6/13/07), 965 So.2d 890, 896, wit denied, 2007-1479 (La.10/5/07), 964 So.2d 945. Therefore, this court lacks appellate jurisdiction to review the August 1, 2011 judgment and we dismiss the appeal from that judgment.[4]
^CONCLUSION
Based on the foregoing, the appeal is dismissed. All costs of this appeal are assessed to appellants, Plantation Management Company, L.L.C., d/b/a Heritage Healthcare Center-Hammond.
APPEAL DISMISSED.
PARRO, J., concurs.

. Heritage posted an appeal bond in the sum of $52,274.00.

. While the record has been supplemented to include the trial transcript, Heritage has not filed a supplemental brief assigning error to the trial court’s finding of a breach of care on its part or the award of damages to the plaintiffs.

. This determination renders the appeal of the trial court's May 24, 2012 judgment moot. That appeal is also dismissed.