McClendon, j.
lain this appeal, the plaintiff appeals a judgment dismissing his claims for the interdiction of his mother. . For the reasons that follow, we dismiss the appeal.
FACTS AND PROCEDURAL HISTORY
On August 21, 2014, Stanton Lee Cadow filed a petition seeking to interdict his mother, America Jean Morris Metzler, who had been diagnosed with Alzheimer’s disease.[1] Mr. Cadow alleged in his petition that John Metzler, Sr., was his mother’s husband who had kidney failure, was on dialysis, suffered with congestive heart problems, and was unable to care for Mrs. Metzler. Mrs. Metzler answered the petition, asserting that Mr. Metzler had a viable power of attorney to act on her behalf, seeking the dismissal of Mr. Ca-dov/s - petition, and requesting that all costs of the proceedings be assessed against Mr. Cadow. Following a hearing on November 18, 2014, the trial court concluded that Mr. Cadow failed to meet his burden of proving that Mrs. Metzler was in need of interdiction. Judgment was signed on February 20, 2015, dismissing Mr. Cadow’s claims without prejudice. The judgment further decreed that Mr. Metzler was the legal agent/mandatary of Mrs. Metzler by authentic act and that he was competent to care for her personal needs and protect her interests. Lastly, the judgment ordered that “all attorney fees and costs incurred in the defense of [Mrs.] Metzler shall be assessed to and paid by [Mr.] Cadow.” Mr. Cadow appealed:[2]
DISCUSSION
In his appeal, Mr. Cadow asserts that the trial court erred in denying and dismissing his petition for interdiction, altering the general power of attorney, and ordering him to pay all attorney fees and costs. However, we must first consider | -¡whether this appeal is properly before us as an appeal from a valid, final judgment or, alternatively, whether it is subject to dismissal.
Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties and to grant the *469 relief to which they are entitled. LSA-C.G.P. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. LSA-C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties or waived; a judgment rendered by a. court that has no jurisdiction over the subject matter of the action or proceeding is void. LSA-C.C.P. art. 3. The issue of subject matter jurisdiction addresses the court’s authority to adjudicate the cause before it; the issue may be considered at any time, even by the court on its own motion, at any stage of an action. Boudreaux v. State, Dep’t of Transp. & Dev., 01-1329 (La.2/26/02), 815 So.2d 7, 12-13. Moreover, it is the duty of a court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants. Boudreaux, 815 So.2d at 13.
Louisiana’Code of Civil Procedure article 1918 provides that “[a] final judgment shall be identified as such by appropriate language.” It is well settled that a final judgment must be precise, definite, and certain. Conley v. Plantation Mgmt. Co., L.L.C., 12-1510 (La.App. 1 Cir. 5/6/13), 117 So.3d 542, 546, writ denied, 13-1300 (La.9/20/13), 123 So.3d 178. The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons- for judgment. Conley, 117 So.3d at 547. Because only judgments are made executory in Louisiana courts, LSA-C.C.P. art. 2781, et seq., to be legally enforceable as a valid judgment, a third person should be able to determine from the judgment the party cast and the amount owed without reference to other documents in the record. Conley, 117 So.3d at 547.
14As stated above, the - judgment in this- matter decreed “that all attorney fees and costs in the defense of [Mrs.] Metzler shall be assessed to and paid by [Mr.] Cadow.” The exact amount of attorney fees cannot be determined from the judgment, and as such, there is no final, appealable judgment before us.[3] Accordingly, this Court lacks subject matter jurisdiction herein.
CONCLUSION
For the above and foregoing reasons, Stanton Lee Cádow’s appeal is dismissed. This matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed against Mr. Cadow.
APPEAL DISMISSED; REMANDED.

. Kim Cadow Richard, Mrs. Metzler’s daughter, was also a plaintiff in the original petition for interdiction. However, Ms. Richard was removed as a petitioner by order dated November 14, 2014.

. Mr. Cadow. filed a suspensive appeal from the February 20, 2015 judgment. However, the trial court granted a devolutive appeal, and, in a separate writ action, this Court determined that Mr. Cadow was entitled to a suspensive appeal. See Interdiction of America Jean Morris Metzler, 15-0521 (La.App. 1 Cir. 6/5/15).

. The same finding does not apply to a judgment that casts a party with costs but does not specify the amount of costs. Under the provisions of LSA-C.C.P. art, 2088 A(10), a trial court retains jurisdiction to set and tax costs and expert fees even after the jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested and the jurisdiction of the appellate court attaches.