McCLENDON, J, IsMaxine Queyrouze. Nicaud, the holder of a promissory note, filed a “Petition on Note” on September 14,2012, against Harvey Joseph Nicaud, Jr., her nephew and the maker of the note. After Ms. Nicaud filed a motion for summary judgment, the parties reached an agreement modifying the terms of the promissory note. On Jan-, uary 23, 2013, the trial court signed a consent judgment reflecting the modifications. , Thereafter, on April 14, 2014, Ms. Nicaud filed a “Motion to Enforce Judgment.” The parties entered into a second consent judgment, which- was signed by the trial court on July 28, 2014, in which the motion to enforce the judgment was granted, Mr. Nicaud’s default, of the first consent judgment was acknowledged, and Mr. Nicaud was ordered to “immediately pay $54,718.66” to Ms. Nicaud. Attempts to collect on the debt were unsuccessful, and Ms. Nicaud died on September 19, ,2015. On .May 16, 2016, Mr. Nicaud filed a “Rule to Show Cause Why Judgment Should Not Be Declared Satisfied,” in' which he asserted that a provision in the promissory note deemed the indebtedness satisfied upon the death of either party to the note. The independent testamentary executor of the Succession of Maxine Queyrouze (the Succession) filed an opposition to the rule. On August 17, 2016, following a hearing, the trial court signed a judgment denying Mr. Nicaud’s rule to show cause. Mr. Nicaud filed an appeal from that judgment. The Succession filed an answer to the appeal, seeking damages, attorney fees, and costs. This Court, ex propño motu, entered a Rule to Show Cause Order, requesting the parties to show cause by briefs why the appeal should or should not be dismissed as it appeared that the judgment was a non-appealable ruling.- On February 23, 2017, a panel of this Court dismissed the appeal finding it to be an interlocutory judgment. Appellate courts have the duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue; Rush v. Rush, 12-1502 (La.App. 1 Cir. 3/25/13), 115 So.3d 508, 510, writ denied, 13-0911 (La. 5/31/13), 118 So.3d 398. The appellate jurisdiction of this court extends to “final judgments.” See LSA-C.C.P. arts. 1911,1915, 2083. Under LSA-C.C.P. art. 2133, an answer to an appeal is in the character of a cross appeal in which the appellee takes advantage of an appeal entered Land perfected by an appellant, in the hope of procuring an alteration or amendment of the judgment rendered in a manner beneficial to the appellee. J. Patrick, Inc. v. Patrick, 13-2017 (La.App. 1 Cir. 7/9/15), 2015 WL 4200131 (unpublished), writ denied, 15-1663 (La. 10/30/15), 180 So.3d 302 (citing Francois v. Ybarzabal, 483 So.2d 602, 606 (La. 1986)). In this matter, another panel of the Court has dismissed this appeal for lack of jurisdiction. Because the answer to the appeal is based on the same interlocutory non-appealable ruling of the trial court, we lack jurisdiction over said answer. Accordingly, we dismiss the Succession’s answer to the appeal. All costs of this appeal are assessed one-half to Harvey Joseph Ni-caud, Jr. and one-half to the Succession, of Maxine Joseph Nicaud. ANSWER TO APPEAL DISMISSED.