NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0708 & 2019 CW 0281

JONATHAN KALE KEEN

VERSUS

WEBELAND, INC.

Judgment Rendered: FEB 2 1 2020

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany, Louisiana
Docket Number 2017-13078

Honorable Alan Zaunbrecher, Judge Presiding

*************

Richard A. Richardson
Covington, LA

Counsel for Plaintiff/Appellee,
Jonathan Kale Keen

John A. E. Davidson
Christopher J. Davidson
Metairie, LA

Counsel for Defendant/Appellant,
Webeland, Inc.

*************

BEFORE: WHIPPLE, C.J., GUIDRY, AND BURRIS,[1] JJ.

---

[1]Honorable William J. Burris, retired, is serving *pro tempore* by special appointment of the Louisiana Supreme Court.

**WHIPPLE, C.J.**

In this appeal, the defendant challenges the trial court's judgment granting the plaintiffs' motion for partial summary judgment, ordering that a Bond for Deed contract remained in effect, setting forth the amount due thereunder, and further denying the defendant's cross-motion for summary judgment. Defendant also filed an application for supervisory writs seeking supervisory review of the judgment. For the following reasons, we dismiss the appeal and decline to consider the writ.

## FACTS AND PROCEDURAL HISTORY

On July 5, 2017, plaintiff, Jonathan Keen, filed the instant suit against Webeland, Inc., seeking a declaratory judgment declaring that a Bond for Deed contract he had entered into with Webeland on June 24, 2010, was still in full force and effect.[2] He also sought a temporary restraining order ("TRO") and preliminary injunction, preventing Webeland from breaching the Bond for Deed contract. Through the Bond for Deed contract, Jonathan agreed to purchase immovable property and improvements thereon located at 2504 Shubert Lane ("the Shubert Lane property") in Covington, Louisiana, for a purchase price of $100,000.00, with $1,000.00 to be paid by Keen and the remaining $99,000.00 to be paid in installments as outlined in the contract. The Shubert Lane property previously had been owned by Jonathan's parents, Clifford Lane Keen, Jr. and Vickie Sue Keen, but had been sold at sheriff's sale and had also been conveyed to Webeland by Clifford and Vickie Keen by Cash Sale without Warranty Deed.

Webeland answered the petition, asserting defenses of novation and lesion beyond moiety. As to novation, it contended that although it had entered into the Bond for Deed contract with Jonathan, Jonathan was acting as a "nominee/agent" for his parents Vickie and Clifford Keen and, further, that the Bond for Deed

---

[2]A bond for deed contract is a contract through which the owner of immovable property agrees to transfer title to that property to a purchaser after the purchaser has paid a specified purchase price, which is paid in the form of installment payments. LSA-R.S. 9:2941.

2

contract had been novated when a "new performance" was substituted under two subsequent agreements to purchase. Specifically, it contended that the Bond for Deed contract was extinguished by a June 8, 2016 Agreement to Purchase the Shubert Lane property between Casey Keen (another son of Clifford and Vickie Keen) and Webeland, changing the terms, parties, price and incorporated payment, an agreement which Webeland averred was negotiated between Webeland and Clifford and Vickie Keen. Webeland further averred that after the sale was not confected under the June 8, 2016 Agreement to Purchase, it entered into a second Agreement to Purchase the Shubert Lane property with Casey Keen, with the full approval of Clifford and Vickie Keen, which again renegotiated the purchase price. Webeland acknowledged in its answer that the second Agreement to Purchase also was not fulfilled.

Webeland also asserted a reconventional demand against Jonathan, claiming fraud and seeking attorney's fees and damages purportedly sustained. It further sought judgment declaring that the June 24, 2010 Bond for Deed contract was terminated and directing the Clerk of Court of St. Tammany Parish to cancel and erase the inscription of the Bond for Deed Contract. Alternatively, Webeland alleged that its pleading "hereby serves [as] notice of Eviction" to Jonathan and his parents. Webeland further averred that it was thereby providing notice of default under the Bond for Deed contract "insofar as payments under the allegedly ongoing Bond for Deed Contract are seriously in default" and made demand for all past due amounts, as well as other amounts to which it claimed entitlement, amounts which it contended were in excess of $124,000.00.[3]

Meanwhile, by order dated July 11, 2017, Jonathan's request for a TRO was denied. Additionally, following a hearing on his request for a preliminary

---

[3]Webeland also asserted a third-party demand against Vickie Keen, Clifford Keen, and Casey Keen, seeking the identical declaratory judgment relief and damages that it sought from Jonathan.

injunction, the trial court rendered judgment dated September 19, 2017, denying his request for a preliminary injunction.

Thereafter, Jonathan filed a "Motion for Partial Summary Judgment," seeking a judgment in his favor declaring that: (1) the June 24, 2010 Bond for Deed Contract for the purchase of the Shubert Lane property is in full force and effect; and (2) the balance owed under the Bond for Deed Contract as of July 14, 2017 is the principal balance of $61,820.00, accrued interest of $5,055.00, past due/late fees of $1,440.69, and all property taxes paid by Webeland.

Webeland also filed a motion for summary judgment, seeking to have Jonathan's claims dismissed and further seeking to have the Bond for Deed contract declared null and void on the grounds of lesion or, alternatively, novation, but also seeking "to be granted judgment against Jonathan ... for the value of the continued occupancy [of the Shubert Lane property] through his parents" in the amount of $34,200.00.

Following a hearing on both motions, the trial court rendered judgment, dated January 8, 2019, denying Webeland's Motion for Summary Judgment, granting Jonathan's Motion for Partial Summary Judgment, declaring that the Bond for Deed contract is not subject to rescission on the grounds of lesion or novation and remains in effect, and declaring the amount due thereunder.

From this judgment, Webeland has appealed, contending that the trial court erred in: (1) enforcing a sale of immovable property for a price less than one-half of its market value, and (2) failing to find that the Bond for Deed Contract was novated.

On June 20, 2019, this court issued a Rule to Show Cause Order, noting that the January 8, 2019 judgment on appeal appears to be a partial judgment without the required designation of finality pursuant to LSA-C.C.P. art. 1915(B). Thus, the parties were ordered to show cause by briefs why the appeal should or should not

4

be dismissed. Webeland filed a brief in response to the Show Cause Order, and by order dated September 3, 2019, the Rule to Show Cause Order was referred to the panel to which this appeal is assigned. Accordingly, we will address it herein.

Webeland also filed an application for supervisory writs, seeking supervisory review of the trial court's January 8, 2019 judgment and raising the same arguments as in the instant appeal. By order dated July 22, 2019, Webeland's writ application (2019CW0821) was referred to the same panel to which the instant appeal is assigned. Thus, we will likewise address the writ application herein.

## RULE TO SHOW CAUSE ORDER

Appellate courts have the duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. Nicaud v. Nicaud, 2016-1531 (La. App. 1st Cir. 9/15/17), 227 So. 3d 329, 330. As an appellate court, we are obliged to recognize any lack of jurisdiction if it exists. The appellate jurisdiction of this court extends to "final judgments." See LSA-C.C.P. arts. 1911, 1915, 2083. However, a judgment that only partially determines the merits of an action is a partial final judgment and, as such, is immediately appealable only if authorized by LSA-C.C.P. art. 1915. Quality Environmental Processes, Inc. v. Energy Development Corporation, L.L.C., 2016-0171, 2016-0172 (La. App. 1st Cir. 4/12/17), 218 So. 3d 1045, 1053.

Additionally, a judgment must be precise, definite, and certain. A final appealable judgment must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied, and these determinations should be evident from the language of the judgment without reference to other documents in the record. Quality Environmental Processes, Inc., 218 So. 3d at 1053. In relevant part, a final appealable judgment "must contain appropriate decretal language disposing of or

dismissing claims in the case." State in Interest of J.C., 2016-0138 (La. App. 1st Cir. 6/3/16), 196 So. 3d 102, 107.

As set forth above, at the December 11, 2018 hearing resulting in the judgment before us, the trial court had before it Jonathan's Motion for Partial Summary Judgment and Webeland's Motion for Summary Judgement. With regard to Jonathan's motion, the trial court had before it only Jonathan's request for declaratory judgment relief.[4] As to Webeland's motion, the issues before the trial court were Webeland's request to have Jonathan's claims dismissed and also some of the relief for which it had prayed in its Reconventional Demand, including judgment declaring the Bond for Deed contract null and void on the grounds of lesion or, alternatively, novation, and "judgment against Jonathan ... for the value of the continued occupancy [of the Shubert Lane property] through his parents" in the amount of $34,200.00.

Pretermitting whether the trial court's January 8, 2019 judgment granting Jonathan's motion, but denying Webeland's motion constitutes a partial judgment requiring a designation of finality pursuant to LSA-C.C.P. art. 1915(B), we note at the outset that the judgment before us is not precise, definite, and certain, and, thus, there is no final, appealable judgment. See Advanced Leveling & Concrete Solutions v. Lathan Company, Inc., 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So. 3d 1044, 1046. The language of the judgment that renders it imprecise reads as follows:

> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the *Bond for Deed* is not subject to rescission for lesion, was not novated or modified as a result of *Purchase Agreement #1* or *Purchase Agreement #2*, has not been cancelled by Webeland, presently remains in effect, and that the amount due thereunder as of July 14, 2017 is the principal balance of $61,820.00, accrued interest of $5,055.00, past due/late fees of $1,440.69, and *all property taxes paid by Webeland.*

---

[4]As noted above, in his petition, Jonathan's requests for a TRO and preliminary injunction had been denied before he filed his Motion for Partial Summary Judgment.

6

(Emphasis by bold typeface and italics added). While the judgment declares that the "Bond for Deed" contract presently remains in effect, it does not identify the Bond for Deed contract by date, by parties to the deed, or by property transferred. Moreover, the judgment provides that the "Bond for Deed" was not novated or modified as a result of "Purchase Agreement #1" or "Purchase Agreement #2," but does not in any way specify what these documents are by date, parties, or property involved. These determinations cannot be made without reference to documents in the record. See Successin of Wilkins, 2018- 0932 (La. App. 1st Cir. 4/17/19), 276 So. 3d 598, 600. Finally, while the judgment purports to declare the balance due under the "Bond for Deed" contract, it provides in part that the amount due includes "all property taxes paid by Webeland," without specifying the amount of those property taxes. In the absence of a valid final judgment, this court lacks subject matter jurisdiction, and the appeal must be dismissed. Advanced Leveling & Concrete Solutions, 268 So. 3d at 1047.

**WEBELAND'S APPLICATION FOR SUPERVISORY WRITS**

With regard to Webeland's application for supervisory writs, we decline to consider same. In addition to there being various rule violations in the writ application itself, we decline to exercise our supervisory jurisdiction to facilitate a review of such an imprecise and indefinite judgment. See Mizell v. Willis, 2019-0141 (La. App. 1st Cir. 11/15/19), ___ So. 3d ___, ___ n.3.

**CONCLUSION**

For the above and foregoing reasons, Webeland, Inc.'s appeal of the trial court's January 8, 2019 judgment is hereby dismissed. Webeland, Inc.'s

7

application for supervisory writs, docketed as number 2019 CW 0281, is denied.

Costs of this appeal are assessed against Webeland, Inc.

**APPEAL DISMISSED; WRIT APPLICATION NUMBER 2019 CW 0281 DENIED.**