STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1393

DONALD McNEESE

VERSUS

F. L. CRANE CONSTRUCTION

Judgment Rendered:   SEP 1 4 2020

* * * * * *

On Appeal from the Office of Workers' Compensation
In and for the Parish of Washington
State of Louisiana
District 6
Docket No. 18-00351

Honorable Anthony Palermo, Judge Presiding

* * * * * *

| | |
|---|---|
| Thomas B. Delsa and Laurie W. Maschek Slidell, Louisiana | Intervenor/Appellant In Proper Person |
| Temple A. Stephens Metairie, Louisiana | Counsel for Defendant/Appellee F.L. Crane Construction and Zurich American Insurance Company |
| Randall C. Joy Mandeville, Louisiana | Counsel for Plaintiff/Appellee Donald McNeese |

* * * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**McCLENDON, J.**

In this workers' compensation case, the former attorney for the employee appeals a judgment that awarded him $5,000.00 in attorney fees. The employee filed an answer to the appeal asserting that the Office of Workers' Compensation erred in awarding any attorney fees. For the reasons that follow, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On April 10, 2015, Donald McNeese was injured while in the course of and scope of his employment with F.L. Crane & Sons, Inc.[1] On April 22, 2016, Mr. McNeese retained Thomas B. Delsa of Laurie W. Maschek, Attorney at Law, LLC to represent him in his workers' compensation matter. On January 19, 2018, Mr. Delsa filed a Disputed Claim for Compensation on behalf of Mr. McNeese. Also on January 19, 2018, Mr. McNeese discharged Mr. Delsa as his attorney. On January 26, 2018, Mr. Delsa filed a Petition of Intervention with the Office of Workers' Compensation (OWC), requesting statutory attorney fees for the legal services he rendered on behalf of Mr. McNeese.[2] The order authorizing the intervention was signed that same date and provided that the claim for attorney fees acted as a lien on the underlying claim. On March 7, 2018, Randall C. Joy enrolled as counsel for Mr. McNeese.

Thereafter, on November 6, 2018, a private mediation was conducted, which resulted in an agreement to settle the workers' compensation matter for $200,000.00. On December 7, 2018, the settlement was approved by the OWC. Also on December 7, 2018, the OWC signed a joint motion ordering that the action be dismissed, with prejudice, based on the compromise and settlement of the action. In a separate order, on December 7, 2018, an attorney fee award in the amount of $40,000.00 was approved and awarded to "plaintiff's counsel for services rendered on the plaintiff's behalf." In the settlement, there was no mention of the intervention, and the settlement and award of attorney fees apparently occurred without the knowledge of Mr. Delsa.

---

[1] The employer initially identified itself as F.L. Crane & Sons, Inc. and asserts that it was incorrectly identified in Mr. McNeese's Disputed Claim for Compensation as F.L. Crane Construction.

[2] It is undisputed that Mr. Delsa previously recovered $45,882.48 in indemnity benefits for Mr. McNeese and that he received 20% of that amount, or $9,176.50, in attorney fees.

2

On January 9, 2019, Mr. Joy filed an Answer to the Petition of Intervention, in which he denied that Mr. Delsa was entitled to statutory attorney fees and requested that the petition of intervention be dismissed. No opposition was filed. Rather, Mr. Delsa filed an Attorney Fee Petition, on January 15, 2019, setting forth more than 120 hours of work "not related to the work performed for which attorney fees were previously awarded and related to obtaining indemnity benefits for Mr. McNeese from April 6, 2016 through January 6, 2018."

On March 21, 2019, the OWC held a hearing on both the rule to show cause why the petition of intervention should not be dismissed and the attorney fee petition.[3] After argument by counsel, the OWC took the matter under advisement.[4] On April 3, 2019, without counsel present, the OWC made its oral ruling, awarding Mr. Delsa $5,000.00 in attorney fees. On April 11, 2019, the OWC signed a judgment denying the motion to dismiss the intervention. Thereafter, Mr. Delsa sent two letters to the OWC requesting a judgment regarding his request for attorney fees. On June 14, 2019, the OWC signed a judgment ordering judgment in favor of Mr. Delsa in the amount of $5,000.00. An Amended Judgment was signed on July 23, 2019, correcting the "PRESENT IN COURT" portion of the judgment.

After the denial of a motion for a new hearing on the attorney fee petition, Mr. Delsa filed the present appeal. In his appeal, Mr. Delsa contends that the OWC abused its discretion in awarding him only $5,000.00 in attorney fees. Mr. McNeese answered the appeal, arguing that the OWC erred in awarding any attorney fees as there was never a hearing on Mr. Delsa's petition for attorney fees and only a hearing on the rule to show cause why the petition of intervention should not be dismissed. Alternatively, Mr. Joy asserts that the OWC erred in awarding Mr. Delsa any additional attorney fees, since Mr. Delsa earned any and all statutory attorney fees from Mr. McNeese while representing him in this matter.

---

[3] At the hearing, Mr. Joy argued that he filed his answer to the petition of intervention with the rule to show cause because the attorney fees were in his IOLTA account and that he had no other procedure to get the attorney fee issue before the court.

[4] At the conclusion of the hearing, the OWC requested that Mr. Delsa provide it with authority within ten days that would allow it to award him any attorney fees. Mr. Delsa did respond, but did not provide any statutory or jurisprudential authority to the OWC.

3

## APPELLATE JURISDICTION

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.,** 17-1250 (La.App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (en banc). This court's appellate jurisdiction extends only to final judgments. **Kelley v. Estate of Kelley,** 19-1044 (La.App. 1 Cir. 2/21/20), --- So.3d --- (2020 WL 862598); see also LSA-C.C.P. art. 2083A. A valid judgment must be "precise, definite, and certain." **Advanced Leveling & Concrete Solutions,** 268 So.3d at 1046. Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. These determinations should be evident from the language of the judgment without reference to other documents in the record. **Id.**

In the present matter, the Amended Judgment provided:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Thomas Delsa in the amount of Five Thousand Dollars.

Upon our examination of the appellate record, we find that the Amended Judgment does not contain a valid final judgment, and this court lacks appellate jurisdiction. The trial court's July 23, 2019 judgment ordered the payment of $5,000.00. However, the judgment neither identifies the party cast in judgment nor does it order any party to make a payment of money to Mr. Delsa. The failure to identify the party makes the judgment fatally defective because one cannot discern from its face against whom it may be enforced. This determination should be evident from the language of the judgment without reference to other documents in the record. See **Advanced Leveling & Concrete Solutions,** 268 So.3d at 1046; **Laird v. St. Tammany Parish Safe Harbor,** 02-0045 (La.App. 1 Cir. 12/20/02), 836 So.2d 364, 366. Thus, the judgment is ambiguous, lacks decretal language, and cannot be considered a valid final judgment. Further, because the answer to the appeal is based on the same non-appealable judgment, we must dismiss the answer to the appeal. See **Nicaud v. Nicaud,** 16-1531 (La.App. 1 Cir. 9/15/17), 227 So.3d 329, 330.

4

**CONCLUSION**

For the foregoing reasons, the appeal and answer to the appeal of the OWC's July 23, 2019 judgment are hereby dismissed.

**APPEAL AND ANSWER TO APPEAL DISMISSED.**