NOT FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0172

MICHELLE M. WALKER

VERSUS

TERRY E. WALKER

Judgment Rendered:  NOV 0 6 2020

* * * * * *

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2017-12327

Honorable Dawn Amacker, Judge Presiding

* * * * * *

| | |
|---|---|
| Mark Alan Jolissaint<br>Slidell, Louisiana | Counsel for Plaintiff/Appellant<br>Michelle M. Walker |
| Angel Cox Williams<br>Jesmin Basanti Finley<br>Slidell, Louisiana | Counsel for Defendant/Appellee<br>Terry E. Walker |
| Court Appointed Special Master<br>Ernest Anderson<br>Slidell, Louisiana | |

* * * * * *

BEFORE:  GUIDRY, McCLENDON, AND LANIER, JJ.

**McCLENDON, J.**

Plaintiff seeks to appeal a consent judgment partitioning former community property and a trial court judgment ruling that the consent judgment is valid and enforceable. Defendant answered the appeal. Finding the consent judgment at issue to be nonappealable and the trial court judgment lacking in finality, we dismiss the appeal and the answer to the appeal.

## FACTS AND PROCEDURAL HISTORY

Michelle Walker filed a petition for divorce from Terry Walker on May 18, 2017. Terry answered the petition for divorce and asserted a reconventional demand seeking, *inter alia*, partition of the parties' community property pursuant to LSA-R.S. 9:2801. A judgment of separation of property dated July 12, 2017 terminated the community property regime retroactive to the date of the filing of the petition for divorce.

On September 22, 2017, the parties and their counsel mutually agreed to mediation to resolve the partition of the former community property. Following successful mediation, the mediator prepared a pleading entitled "Consent Judgment of Final Partition of Community Property and Settlement of All Claims" (consent judgment). The consent judgment addressed the voluntary partition of the parties' community property, as well as final and interim spousal support. The parties and their respective counsel executed the consent judgment. The language of the consent judgment reflected the parties' intent that the consent judgment be submitted to the trial court for signature and thereby rendered a final judgment of the trial court.

On September 25, 2017, the consent judgment was filed into the suit record for execution by the trial court. On October 26, 2017, the trial court held a hearing for "confirmation of consent of the parties" to the consent judgment.[1] During the hearing, Michelle advised that she no longer agreed to the consent judgment.[2] Thus, rather than executing the consent judgment as a judgment of the court, the trial court set a scheduling conference for January 5, 2018.

---

[1] Terry's appellate brief indicates that the trial court ordered the October 26, 2017 hearing for the purpose of homologating the consent judgment.

[2] Michelle obtained different counsel after the mediation and before the October 26, 2017 hearing. Her motion to substitute counsel was granted during the hearing.

2

On December 19, 2017, Terry filed a "Rule to Enforce Compromise" (rule to enforce consent judgment) requesting that the trial court find that the consent judgment was valid and enforceable, and accordingly, that the trial court execute the consent judgment as a judgment of the court.[3] Terry also sought an award of attorney's fees and costs incurred in connection with the rule to enforce the consent judgment.

On January 11, 2018, Michelle filed a "Petition to Annul Purported Settlement Agreement." Michelle argued that the consent judgment was null on the basis of error because it incorrectly classified community property as separate property, and vice versa. Michelle also averred that as a result of the misclassification, the consent judgment was lesionary because the value of the property she received pursuant to the consent judgment was less by more than one-fourth of the fair market value of the portion she should have received.

The parties' divorce became final by judgment dated February 8, 2018. On the same day, the parties executed a "Consent Judgment to Appoint a Special Master" to address the pending issues regarding the consent judgment. A trial was held before the special master on December 13, 2018. Michelle sought to prove that the parties mutually erred in the classification of two items of property addressed in the consent judgment. The first item at issue was the classification of a piece of commercial property valued at $241,000.00 (commercial property). Michelle contended that the commercial property, which had been treated as community property and allocated to Michelle pursuant to the terms of the consent judgment, was actually Michelle's separate property. The second item at issue was the classification of funds Terry received from the Poarch Band of Creek Indians (tribal distributions) during the parties' marriage. Michelle claimed that the tribal distributions were community property, but had been incorrectly classified as Terry's separate property, for which Michelle owed Terry reimbursement, under the terms of the consent judgment. Terry maintained that the consent judgment properly classified the commercial property as community

[3] Although extensive litigation followed Michelle's expression of opposition to the execution of the consent agreement as a judgment of the court, this appeal is limited to the trial court's execution of the consent agreement as a judgment of the court and the trial court's judgment adopting the special master's recommendations regarding Terry's rule to enforce consent agreement and Michelle's petition to annul consent agreement.

3

property and the tribal distributions as his separate property, and that the consent judgment should be enforced.

Following the trial, the special master filed his recommendations with the trial court on February 12, 2019. The special master found that the commercial property was Michelle's separate property, and therefore, the parties mutually erred regarding the classification of the commercial property as community property in the consent judgment. The special master also found that there was no error regarding the classification of the tribal distributions as Terry's separate property and that a reimbursement claim was owed. Accordingly, the special master reformed the consent judgment by deleting the commercial property from the inventory of community property assets. However, the reformation did not result in Michelle receiving less than three-quarters of her one-half interest in the community property. Thus, the special master declined to rescind the consent judgment on the basis of lesion.

Both parties filed objections challenging the special master's recommendations. Trial was scheduled for July 12, 2019. The parties stipulated to the submission of a certified copy of the transcript of the trial conducted before the special master, including all exhibits, testimony, and the entire record of the divorce proceedings, and agreed to submit trial briefs limited to the issues raised in their objections to the special master's recommendations. No other evidence was filed and no other witnesses were called.

Following the trial court's consideration of the evidence, the trial court adopted the special master's recommendations in full. Further, on September 11, 2019, the trial court executed the consent judgment that was originally filed on September 25, 2017. On October 8, 2019, the trial court executed a second judgment, providing that the special master's recommendations were adopted, that the consent judgment had been executed and made a judgment of the trial court, and that the consent judgment was valid and enforceable. From these judgments, Michelle appealed, and Terry answered her appeal.

4

## DISCUSSION

In this appeal, Michelle seeks review of both the September 25, 2017 consent judgment and the October 8, 2019 judgment. Neither judgment is properly before this Court on appeal.

A consent judgment is not appealable. **Hardy v. Hardy**, 2018-0487 (La.App. 1 Cir. 2/28/19), 273 So.3d 448, 453; **Cowart v. Martin**, 358 So.2d 652, 652 (La.App. 1 Cir. 1978). This is because, pursuant to LSA-C.C.P. art. 2085, "[a]n appeal cannot be taken by a party who... voluntarily and unconditionally acquiesced in a judgment rendered against him." The consent judgment Michelle challenges in this appeal was negotiated by competent counsel during a mediation before being voluntarily signed by both parties and their respective counsel, and submitted for execution as a final judgment of the trial court.[4] The lack of a right of appeal may be raised at any time, and may be dismissed by an appellate court on its own motion. LSA-C.C.P. art. 2162; See also **Guidry v. Sothern**, 1998-1152 (La.App. 1 Cir. 5/14/99), 734 So.2d 928, 930-31; **Cowart**, 358 So.2d at 652. Accordingly, with respect to the consent judgment, Michelle has no right of appeal, and the appeal must be dismissed.

This court's appellate jurisdiction extends only to "final judgments." See LSA-C.C.P. art. 2083(A); **Marrero v. I. Manheim Auctions, Inc.**, 2019-0365 (La.App. 1 Cir. 11/19/19), 291 So.3d 236, 238. It is the duty of the appellate court to examine subject matter jurisdiction and to determine *sua sponte* whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants. See **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La.App. 1 Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). A valid judgment must be precise, definite, and certain. **Laird v. St. Tammany Parish Safe Harbor**, 2002-0045, 2002-0046 (La.App. 1 Cir. 12/20/02), 836 So.2d 364, 365. Moreover, a final appealable

---

[4] A consent judgment is a bilateral contract between the parties by which the parties adjust their differences by mutual consent, with each party balancing his hope of gain against his fear of loss. **Mayo v. Hutchison**, 2016-1642 (La.App. 1 Cir. 9/27/17), 232 So.3d 567, 573. The consent judgment at issue in this appeal provides, in pertinent part, that the parties "wishing to compromise and settle any and all issues between them concerning the final partition of their community property and any and all claims remaining between them, submit this Consent Judgment to the Court for signature." When the language of a consent judgment is clear and explicit, no further interpretation may be made in search of the parties' intent. **Hoddinott v. Hoddinott**, 2018-1474 (La. 12/17/18), 258 So.3d 588, reh'g denied, 2018-1474 (La. 2/18/19), 263 So.3d 1156.

5

judgment must contain decretal language and must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. **Matter of Succession of Weber**, 2018-1337 (La.App. 1 Cir. 4/29/19), 276 So.3d 1021, 1026-27. These determinations should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment. **Conley v. Plantation Mgmt. Co. L.L.C.**, 2012-1510 (La.App. 1 Cir. 5/6/13), 117 So.3d 542, 547, writ denied, 2013-1300 (La. 9/20/13), 123 So.3d 178. Because only judgments are made executory in Louisiana courts, LSA-C.C.P. art. 2781, *et seq.*, to be legally enforceable as a valid judgment, a third person should be able to determine from the judgment the party cast and the amount owed without reference to other documents in the record. **In re Interdiction of Metzler**, 2015-0982 (La.App. 1 Cir. 2/22/16), 189 So.3d 467, 469.

The October 8, 2019 judgment at issue herein provides in full:

### Judgment

This matter came before the Court on briefs on objections to the Special Master's recommendation to the Court dated February 12, 2019.

When, after considering the pleadings filed herein, briefs of counsel, the evidence presented to the Special Master and the law applicable hereto, the Court finds the following:

IT IS ORDERED, ADJUDGED AND DECREED the Special Master's recommendations dated February 12, 2019 are adopted by this Court.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED the "Consent Judgment of Final Partition of Community Property and Settlement of All Claims" executed by the parties and filed on September 25, 2017, has been executed and made a Judgement of this Court and is valid and enforceable.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED the Special Master's fees and costs are taxed as court cost (sic) herein and are to be equally allocated between the parties and timely paid.

The October 8, 2019 judgment does not identify the party in favor of or against whom the ruling is ordered, nor does it indicate the relief that is granted. Moreover, although the October 8, 2019 judgment references the special master's recommendations, it fails to incorporate or otherwise make the special master's recommendations a part thereof. It is therefore impossible to determine the prevailing party and the relief granted or denied without reference to other documents in the

6

record. Thus, because the October 8, 2018 judgment lacks sufficient decretal language, ascertainable from the four corners of the judgment, this ruling is not a final appealable judgment. In the absence of a valid final judgment clearly stating the party or parties in favor of whom the ruling is ordered and the exact relief granted or denied by the judgment, we are constrained to conclude that this court lacks subject matter jurisdiction and the appeal must be dismissed. **Marrero**, 291 So.3d at 240.

Further, because the answer to the appeal is based on the same interlocutory non-appealable ruling of the trial court, we lack jurisdiction over said answer. See **Nicaud v. Nicaud**, 2016-1531 (La.App. 1 Cir. 9/15/17), 227 So.3d 329, 330. Accordingly, we dismiss Terry's answer to the appeal.

## DECREE

For the above and foregoing reasons, the appeal and the answer to appeal are dismissed. All costs of this appeal are assessed one-half to Michelle Walker and one-half to Terry Walker.

**APPEAL DISMISSED; ANSWER TO APPEAL DISMISSED.**

7